IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAWNA LANE,<br><br>                    Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-998-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) Defendant argues that Plaintiff is judicially estopped from asserting her long-term disability benefits claim because she failed to disclose it as an asset in a 2016 bankruptcy proceeding. The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  DUCivR 7-1(f).

Factual Background

The facts relevant to the motion are undisputed. In November 2015, Plaintiff's employment as a customer service representative for National Contact Center Management Group, LLC ended due to "several psychological conditions." (Complaint ¶¶ 3, 11, 17-18.) In March 2016, Plaintiff filed a claim with Defendant, seeking long-term disability benefits pursuant to an ERISA plan. (Compl. at ¶¶ 1, 18, 21-23.)

On April 18, 2016, while Plaintiff's claim for long-term disability benefits with Defendant was pending, Plaintiff filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Utah. (Case No. 16-23238 at Dkt. No. 1.) Plaintiff did not disclose her long-term disability claim as an asset in any of her bankruptcy filings, nor did she disclose the claim orally to the bankruptcy court. (*Id.*, Dkt. No. 12.) Instead, on April 27, 2016, Plaintiff filed a lengthy Statement of Financial Affairs, responding "no" to questions asking if she had any: "[i]nterests in insurance policies" such as "disability…insurance"; "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" such as "insurance claims"; "[o]ther amounts someone owes you" such as "disability insurance payments" or "disability benefits"; and "other contingent and unliquidated claims of every nature." (*Id.* at Questions 30-34.)

On June 2, 2016, Defendant denied Plaintiff's claim for long-term disability benefits under the plan. (Compl. ¶¶ 19-21, 26.) Plaintiff filed an appeal with Defendant on June 6, 2016. (Compl. ¶ 28.) On July 7, 2016, Defendant affirmed its original denial. (Compl. ¶ 32.) The July denial letter informed Plaintiff that "[s]ince you have now completed the first level of appeal, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA)." (Dkt. No. 4-5.)

Plaintiff did not file an amendment to her Statement of Financial Affairs Form at any time before, during, or after the administrative review process of her long-term disability claim. (*See* Case No. 16-23238.) On October 4, 2016, Plaintiff received a no asset bankruptcy discharge, and her case was terminated on October 14, 2016. (*Id.*)

On October 31, 2016, Plaintiff, through counsel, filed another appeal with Defendant. (Compl. ¶ 34.) By letter dated January 30, 2017, Defendant again informed Plaintiff that it had affirmed its denial of her long-term disability claim under the plan. (Compl. ¶¶ 34, 38.)

Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The doctrine of judicial estoppel bars claims "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). Judicial estoppel "is intended to prevent improper use of judicial machinery." *Id.* The Tenth Circuit has recognized three factors to inform the decision of whether to apply judicial estoppel in a particular case: 1) whether a party's subsequent position is "'clearly inconsistent' with its former position"; 2) whether "the suspect party succeeded in persuading a court to accept that party's former position, 'so that the judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled'"; and 3) whether "the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Id.*

*1) Clearly inconsistent positions*

First, the court analyzes whether Plaintiff took clearly inconsistent positions in her bankruptcy filings and the Complaint in this case. The Tenth Circuit has recognized that "[t]he bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims." *Eastman*, 493 F.3d at 1159. Multiple questions on the voluntary Statement of Financial Affairs submitted by Plaintiff in her bankruptcy call for the disclosure of Plaintiff's long-term disability claim, including questions specifically asking about "[i]nterests in insurance policies" such as "disability…insurance"; "claims against third parties" such as "insurance claims"; and "[o]ther amounts someone owes you" such as "disability insurance payments" or "disability benefits." (Case No. 16-23238 at Questions 30-34.) Plaintiff responded that the answer to each of those questions was "no." Now Plaintiff asserts that she was and is owed long-term disability benefits from Defendant. Those positions are clearly inconsistent.

*2) Perception that a court was misled*

Next, the court analyzes whether Plaintiff succeeded in persuading the bankruptcy court to accept her former position, such that this court's adoption of a different position would create the perception that one court—either the bankruptcy court or this one—was misled. The bankruptcy court undoubtedly relied on the representations in Plaintiff's Statement of Financial Affairs when making a determination as to Plaintiff's eligibility for discharge. The bankruptcy court then granted Plaintiff a full discharge and terminated her bankruptcy case on October 4, 2016. (*See id.*) The Tenth Circuit has observed that a debtor "benefits from an automatic stay" when she files for bankruptcy and "receives the ultimate benefit of bankruptcy when [s]he receives a discharge." *Eastman*, 493 F.3d at 1159. At the end of her chapter 7 bankruptcy

discharge, Plaintiff was relieved "of any obligation to pay outstanding debts." *Id.* "In exchange for these benefits, the bankruptcy code required only that [Plaintiff] fully and accurately disclose [her] financial status." *Id.* Plaintiff failed to do so, and "[t]he obvious 'perception' is that [Plaintiff] misled the bankruptcy court." *Id.*

   3) *Unfair advantage*

  Finally, the court analyzes whether Plaintiff's failure to disclose her long-term disability benefit claim to the bankruptcy court provided Plaintiff with an unfair advantage. Plaintiff received the benefit of a no asset bankruptcy discharge, despite her failure to disclose pending long-term disability claims against Defendant in the bankruptcy court, thus relieving her of a duty to repay her many creditors. The Tenth Circuit has held that bankruptcy relief, conditioned only on honest disclosure, provides a debtor an unfair advantage over his creditors when the debtor fails to disclose potential claims. *Eastman*, 493 F.3d at 1159 (noting that the Plaintiff "received the benefit of a discharge without ever having disclosed his pending personal injury action against Defendants, thus providing him an unfair advantage over his creditors.") Accordingly, Plaintiff has gained an unfair advantage by failing to disclose her long-term disability claims in her bankruptcy proceedings.

   *Inadvertence or Mistake*

  The Supreme Court has observed that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001). However, the Tenth Circuit has "not been overly receptive to debtors' attempts to recover on claims about which they 'inadvertently or mistakenly' forgot to inform the bankruptcy court." *Eastman*, 493 F.3d at 1157. Instead, the

Tenth Circuit has viewed failure to disclose to the bankruptcy court excusable "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* (quoting *In re Coastal Plains, Inc.,* 179 F.3d 197, 210 (5th Cir.1999)). "Where a debtor has both knowledge of the claims and a motive to conceal them, courts…infer deliberate manipulation." *Id.*

Plaintiff knew at the time she submitted her Statement of Financial Affairs in April 2016 that she had filed a claim only one month earlier with Defendant, seeking long-term disability benefits. Plaintiff also had a motive to conceal her long term disability claims in order to obtain a no asset bankruptcy discharge. In fact, Plaintiff received a discharge on October 14, 2016, and filed her long term disability benefits appeal with Defendants only weeks later on October 31, 2016. Plaintiff has not provided the court with any facts to support a finding of inadvertence or mistake. Thus, Plaintiff is judicially estopped from pursuing her claims here.

This determination is consistent with, and dictated by, *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151 (10th Cir. 2007). In that case, a bankruptcy debtor failed to disclose personal injury claims in his chapter 7 bankruptcy filings. *Id*. The debtor then continued to pursue his claims in court, despite his failure to disclose them at any time during the bankruptcy proceedings. *Id.* The Tenth Circuit held that the district court appropriately applied the doctrine of judicial estoppel to dismiss Plaintiff's personal injury action. *Id.* at 1160. The Court observed an "overwhelming majority of cases where debtors, who have failed to disclose legal claims to the bankruptcy court without credible evidence of why they did so, have been judicially estopped from pursuing such claims subsequent to discharge." *Id.* at 1159. The court further noted that judicial estoppel in these circumstances "serves to offset" the "ever present motive to conceal legal claims and reap

the financial rewards," thus "inducing debtors to be completely truthful in their bankruptcy disclosures. *Id.*

Like the debtor in *Eastman*, Plaintiff failed to disclose her long-term disability claim in her bankruptcy petition, schedules, and statements. And like the plaintiff in *Eastman*, Plaintiff now seeks to pursue the claims she failed to disclose at any stage during the pendency of her bankruptcy proceedings. Plaintiff has not provided the court with any facts or law to distinguish her circumstances from those in *Eastman*. Thus, consistent with *Eastman*, Plaintiff is judicially estopped from pursuing her long-term disability claims in this court.

<u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED.

DATED this 27th day of February, 2018.

BY THE COURT:

_____
Dee Benson
United States District Judge